

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-30-2006

# Tilaar v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1181

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Tilaar v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1365.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1365

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-1181

JOHANIS TILAAR;
OLGA MANDAGI, wife;
BRAMMY JOHANES, child,
Petitioners

v.

*ALBERTO GONZALES,
ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

*(Amended pursuant to F.R.A.P. 43(c))

Petition for Review of Orders of the
United States Department of Justice
Board of Immigration Appeals
(BIA Nos. A79-319-283, A79-319-284,
and A79-319-285)

Submitted Under Third Circuit LAR 34.1(a)
March 27, 2006

Before: RENDELL, SMITH and BECKER, Circuit Judges.

(Filed:  March 30, 2006)

OPINION OF THE COURT

RENDELL, *Circuit Judge.*

Petitioner Johanis Tilaar[1] and his wife, Olga Mandagi, and son, Brammy Johanes, petition for review of the Board of Immigration Appeals (BIA)'s denial of their motion to reopen removal proceedings. For the following reasons, we will deny their petition for review.

**I.**

The Tilaar family came to the United States from Indonesia on a non-immigrant tourist visa in 1996. In May of 2001, Johanis Tilaar filed an application for asylum and withholding of removal on behalf of himself and his wife and son. At a hearing before the immigration judge (IJ) on April 14, 2003, Tilaar supported his asylum claim with testimony that, as a Christian, he had been the target of religiously-motivated violence while still in Indonesia. He also submitted news articles from 1999 through 2002 that documented religious violence in Indonesia and the State Department's 2002 International Religious Freedom Report. The IJ issued an oral decision at the hearing denying the Tilaars' requests for relief and ordered removal. The Tilaars appealed the IJ's decision to the BIA, and the BIA affirmed, without opinion, on June 8, 2004.

The Tilaars filed a motion to reopen based on "changed country conditions" on September 14, 2004. In support of their motion, the Tilaars submitted the State

---

[1]The briefs spell the petitioners' family name "Tailaar." Because their petition for review lists their name as "Tilaar," we refer to them by that name here.

Department's 2003 update to the 2002 Religious Freedom Report that the IJ had considered and various other news articles and reports dating from 1998 through 2004. The BIA denied the motion on December 21, 2004. It observed, first, that the motion was filed out of time, and, second, that the motion did not qualify for the "changed country condition" exception to the 90-day filing deadline. The BIA noted that some of the materials attached to the Tilaars' motion were available on the date of the previous hearing before the IJ, and that the alien bears a "heavy burden" to establish that, if the proceedings were reopened, the changed country condition evidence would likely change the result of his case. The BIA thus concluded that the Tilaars had failed to establish that reopening was warranted.

## II.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Sevoian v. Ashcroft*, 290 F.3d 166, 170 (3d Cir. 2002).

The Tilaars argue that the BIA should have granted their motion to reopen under the "changed country condition" exception to the 90-day filing deadline.[2] The applicable regulations provide an exception to the 90-day filing deadline for motions to reopen based on "changed circumstances arising in the country of nationality . . . if such evidence is material and was not available and could not have been discovered or

---

[2]The Tilaars do not challenge the BIA's conclusion that their motion to reopen was filed out of time.

presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii).

In this case, the evidence supporting the motion to reopen was neither material nor novel. As the BIA noted, much of the material that the Tilaars presented in support of their application had been published, and was therefore available at the time of their original hearing before the IJ in 2003. And the material that was more recent, including the update of the State Department Report, was merely cumulative of the evidence presented to the IJ; it did not establish any material change in or worsening of the plight of Christians in Indonesia. *Cf. Dong v. Ashcroft*, 143 F. App'x 430, 432-33 (3d Cir. 2005) (concluding that updated country information that merely reinforces the alien's original asylum claim does not satisfy the "changed country condition" exception).

Thus, the BIA did not abuse its discretion in denying the Tilaars' motion to reopen. We will deny the petition for review.